Larry Michael LANE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44016.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 9, 1971.

---

Sam R. Wilson, Gerald Applewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, death.

■ Able counsel first challenged the method of the selection of the venire under the Witherspoon rule. This is a very general challenge as no veniremen are named and no specific ruling of the Court is challenged. The trial court carefully examined each venireman who was challenged by the State. He convinced himself and has convinced this Court that no venireman was excused unless it was made abundantly clear that under no circumstances would such prospective juror vote to inflict the death penalty in any case regardless of the facts that might be presented.[1]

■ Appellant next contends that Articles 1.13–1.15 Vernon's Ann.C.C.P. are unconstitutional for the reason that "in Texas, a defendant who insists upon his right to trial by jury is subject to the death penalty." Were that a correct statement of the law in this State, United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), might apply. However, in Texas, the defendant against whom the death penalty is sought cannot waive trial by jury, Art. 1.14, V.A.C.C.P., and it cannot be said that the articles in question "needlessly *encourage*" guilty pleas and jury waivers as did the statute in Jackson.[2] Appellant's contention is without merit.

■ For the first time on appeal, appellant challenges the voluntary nature of his confession. We do not find that a real issue was raised at the trial. There was no evidence to indicate that the confession was other than completely voluntary. After the homicide, the appellant fled to Mexico and when his funds were exhausted he came back to Houston to surrender himself. He was not apprehended and questioned. He gave himself up and relieved himself by confessing after adequate warning by a magistrate.

To write further would add nothing to the jurisprudence of this State nor benefit this appellant.

The judgment is affirmed.

---

1. "Specifically, we hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. No defendant can constitutionally be put to death at the hands of a tribunal so selected." Witherspoon v. Illinois, 391 U.S. 510, 521–523, 88 S. Ct. 1770, 1776–1777, 20 L.Ed.2d 776, 784–785.

2. 390 U.S. at 583, 88 S.Ct. at 1217 (emphasis in original).